Provident Life & Accident Insurance Co. *v.* Globe Indemnity Company, *et al.**

(*Nashville.* December Term, 1927.)

Opinion filed March 17, 1928.

## 1. CHANCERY PRACTICE. REFERENCE TO MASTER.

In cases involving a complicated and extended accounting, the matters involved should be referred to the master for a report after the basis for the accounting has been determined and fixed by the Chancellor, the matter then heard before the Chancellor upon exceptions filed by either party, and unless such procedure is followed the cause will be reversed and remanded for such report. Post, p. 574.)

## 2. CHANCERY PRACTICE. REPORT OF MASTER. AGREEMENT OF PARTIES.

Where the parties by their counsel waive a reference to the Master and agree that the questions involved may be decided by the Chancellor, the finding of the Chancellor shall be treated as equivalent to a concurrent finding by the Master and the Chancellor. (Post, p. 575.)

## 3. CONTRACTS. BREACH OF CONTRACT. JUDGMENT.

The law does not require exactness in computation in suits that involve questions of damages growing out of contract or tort. (Post, p. 576.)

## 4. CONTRACTS. INTERPRETATION. EVIDENCE.

In a suit involving a contract which provides that the owner may, without invalidating the contract, make changes by altering, adding to or deducting from the work, the contract sum being adjusted accordingly, and further providing that the architect should,

within a reasonable time, make decision on all claims of the owner or contractor, and on all other matters relating to the execution and progress of the work or the interpretation of the contract documents, (such contract contemplating that differences might arise which would need to be adjusted), such differences must be determined in the light of proof as offered—proof that is admissible to be heard under the established rules of evidence—and if substantial justice can be done, the demands of the law are met. (Post, p. 577.)

---

*Headnotes 1. Accounts and Accounting; 1 C. J., section 131; 2. Equity, 21 C. J., section 753; 3. Damages, 17 C. J., section 91; 4. Accounts and Accounting, 1 C. J., section 135.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County. —HON. W. B. GARVIN, Judge.

SIZER, CHAMBLISS & JOHNSON, for complainant.

C. A. NOONE and ALLISON, LYNCH & PHILLIPS, for defendant.

MR. ED T. SEAY, Special Judge, delivered the opinion of the Court.

This case grows out of a controversy over the construction of an office building in the City of Chattanooga. In the month of February, 1923, the complainant, Provident Life & Accident Insurance Company, undertook the construction of this building, and the contract was let to one Jno. Parks, doing business as Parks & Company, and the defendant Globe Indemnity Company became surety on his contractor's bond, guaranteeing the faithful performance of the contract.

Shortly after the execution of the contract Parks entered upon its performance and continued the work until the month of October, 1923, when he abandoned the contract. At this time the building was scarcely more than in skeleton form, and a large amount of work remained to be done to complete it. The Provident Life & Accident Insurance Company thereupon entered upon negotiations with the Globe Indemnity Company, the surety on the contractor's bond, with the result that the Indemnity Company denied liability under the bond and declined to take over the construction of the building. The Provident Company then took over the work, and completed it in the month of September, 1924, and shortly thereafter brought this suit to recover damages for the alleged breach of contract upon the part of Parks.

The case has been twice before this Court for determination of the various questions involved, with the result that it has been finally determined and the result of our consideration has been announced in detail in a memorandum opinion filed in the cause. It would be uninteresting and serve no purpose to here go into further details.

After the cause had been heard by the Chancellor and the basis of recovery and accounting fixed by him, he ordered a reference to the Master, with direction to report as to the items embraced in the reference. Thereupon, in the same decree which ordered this reference, it was, among other things, recited:

"Thereupon the parties, by their respective solicitors, waived the reference to the Master hereinbefore ordered, and agreed and stipulated that the matters referred to the Master may be determined by the Court. Whereupon it is ordered accordingly that further proof may be taken,

as hereinbefore provided, and that the matters involved in the order of reference be heard and determined by the Court on the entire record at the June Term, 1926.''

After additional proof was taken, at a succeeding term of the Court, the Chancellor considered the case and entered his final decree in favor of complainant, and against the Indemnity Company, from which decree an appeal was prayed and granted to the Court of Appeals and by *certiorari* the case comes to this Court.

The Court of Appeals very greatly modified the decree of the Chancellor. To this action of the Court, among errors assigned in behalf of complainant is the following:

''The Court of Appeals erred in failing and refusing to affirm the decree of the Chancellor with respect to the difference between the cost of completing the work called for by the contract and the contract price thereof because in view of the waiver of the reference and the stipulation of counsel, the determination of the Chancellor was entitled to the weight of the concurrent finding of the Master and Chancellor and the decree is supported by ample and cogent evidence.''

*(1)* This Court, in numerous cases, has approved the general practice of referring a cause involving a complicated and extended accounting, to the Master, after the basis for the accounting has been determined and fixed by the Chancellor.

In *Gray Eagle Marble Company* v. *Jones,* this Court filed a memorandum opinion at Knoxville on March 13, 1924, wherein it declined to determine the issues in a complicated accounting where the Chancellor had stated the account without a reference to the Master. The Court, of its own motion, reversed and remanded the cause with directions that it be referred to the Master.

The same procedure was taken and approved in a memorandum filed later, during the same year, at Nashville, in the cause of *Frank McDonald* v. *Parham-Lindsay Grocery Company*, from Hamilton Equity. The opinion in neither of these cases was filed for publication and hence does not appear in the reports. This being true, in the pending case, the Court has felt constrained to consider this cause upon its merits, and try the case *de novo* here, notwithstanding the fact that it involved the consideration of a voluminous record, and extended questions of accounting.

The Court feels that the time has come to definitely settle the practice in this regard, and to require that, in cases involving a complicated and extended accounting, the matters involved should be referred to the Master for a report, after the basis for the accounting has been determined and fixed by the Chancellor. Any other practice imposes upon the appellate Courts labor that is unnecessary and which consumes its time in working out matters of detail, when such work could be much more easily done in the court below by aid of a reference. By this method the questions involved are submitted to a Master for a report, which report, when filed, is subject to exceptions by the respective parties. The matter is then heard before the Chancellor upon these exceptions, and in this way many itms will be eliminated, and the questions for determination greatly simplified, and the appellate courts will be saved much time and labor which they would otherwise have to expend.

(2) In view of the foregoing considerations, this Court rules that where the parties, by their counsel, waive a reference to the Master, and agree that the issues or questions involved may be decided by the Chan-

cellor, that the finding of the Chancellor shall be treated as the equivalent of a concurrent finding by the Master and the Chancellor.

(3) There is one other question which we think deserves consideration by this Court. In its opinion filed in the cause, the Court of Appeals says:

"Before the Court should sanction an estimate offered to support a judgment, it should be very sure that the estimate had eliminated all doubts. This is true because conscience revolts at adding injury to misfortune and requires the most convincing proof that the estimate is well within the limit which guarantees against such a possibility of wrong."

The above is made the basis of an assignment of error by complainant.

We cannot agree that the foregoing states the measure of proof or standard by which cases of this character should be determined. In the consideration of this case, and cases of like character, a condition of proof is met which makes it impossible to arrive at a conclusion which we would say gave to complainant an amount which would exactly, and to the dollar, or the cent, represent the damages the complainant has sustained by reason of the breach of the contract by the contractor, but we cannot be satisfied, for this reason, to repel the complainant and allow no recovery. If this standard were applied to building and construction contracts generally, the courts would be powerless, and the parties helpless, in the matter of relief from the courts. Exact justice is not always attained, and the law does not require exactness of computation in suits that involve questions of damages growing out of contract or tort. These cases most often involve in one way or another the acceptance

of evidence which is not proof against possible error or mistake.

In the case at bar we have a contract for the construction of an office building for a given sum. The building was to be erected according to certain plans and specifications. The contract itself contemplated that changes and additions to these plans would likely be made, and a provision was placed in the contract allowing changes and additions to be made. That provision is as follows:

"ARTICLE 24. CHANGES IN WORK. The owner, without invalidating the contract, may make changes by altering, adding to or deducting from the work, the contract sum being adjusted accordingly."

(4) The contract further provided for the inspection of the work, its re-examination, deductions for incorrect work, correction of work before final payment and corrections of work after final payment.

It further provided that the architect should, within a reasonable time, make decisions on all claims of the owner or contractor and on all other matters relating to the execution and progress of the work or the interpretation of the contract documents. These various provisions of the contract contemplated that differences might arise which would need to be adjusted between the parties. Such an adjustment called for inspections, evidence of one kind or another, estimates, calculations, the exercise of human judgment and discretion, and in the light of such conditions or provisions in a contract, it would be idle to expect exactitude to the dollar or percision to the extent of excluding the possibility of error. Cases of this character must be .determined in the light of the proof that is offered—proof that is admissible to be heard un-

der the established rules of evidence, and if substantial justice can be done, the demands of the law are met.

In this case there are no objections or exceptions to evidence which have been followed through to this Court. Indeed, there are very few exceptions to evidence in the record, and no assignments of error in this Court go to any action of the Chancellor in his rulings upon evidence.

As before stated, a memorandum opinion has been filed setting forth in detail the conclusions of the Court upon the various items involved in the controversy and a decree will be entered in accordance therewith.

MR. JUSTICE CHAMBLISS, having been Counsel for the complainant at the time of the transactions out of which this suit arose, did not participate in the trial thereof.