L. J. TALBOT *et al.*, COMPLAINANTS, APPELLANTS, v. AUTOMOBILE IDENTIFICATION UNDERWRITERS, INC., *et al.*, DEFENDANTS, APPELLEES.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

257

THOMPSON & BALLARD and SIZER, CHAMBLISS & KE-
FAUVER, for complainants, appellants.

CECIL D. MEEK, A. Y. BURROWS and STRANG & FLETCH-
ER, for defendants, appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit by stockholders of Automobile Identification Underwriters, Inc., against that corporation and the sureties upon certain bonds executed by it. A demurrer was interposed and overruled. Answers were filed by the corporation and its sureties, proof taken and the bill finally dismissed. The Court of Appeals affirmed the decree of the chancellor.

The corporation was chartered under the laws of Delaware and employed certain agents to sell its stock in Tennessee. The insurance commissioner required from said corporation, as a condition to the sale of its stock in this State, the bonds mentioned. These bonds were all of the same tenor, aggregating $55,000, and conditioned "that all moneys arising out of the sale of the stock of said company in the State of Tennessee shall be faithfully and honestly held in trust and accounted for or expended in the purposes for which the company was organized."

It was averred in the bill that the complainant stockholders had paid in their subscriptions, a misappropriation of such funds was charged and a prayer of the bill was that complainants might have a decree against defendant corporation as principal and the other defendants as sureties "for the amounts paid by the complainants for the purchase of their stock aforesaid, and which have not been honestly and faithfully accounted for or expended for the purposes for which the company was organized."

As heretofore stated, a demurrer to the bill was overruled and an answer then filed in which any misappropriation was denied. Certain other defenses were raised

by the demurrer and by the answer which have not been preserved for this court.

The chancellor was of opinion that, notwithstanding the bonds mentioned, no trust was imposed upon defendant corporation as to the proceeds of complainants' subscriptions of stock; that the suit was one upon bonds, for breach of the conditions of those bonds, and that complainants had failed to carry the burden of proof necessary to establish such a breach and to show a misappropriation of the proceeds of their subscriptions. The Court of Appeals affirmed the decree of the chancellor upon substantially the same grounds on which he rested that decree. The defendants herein have not filed any petition for *certiorari*. The complainants' petition for *certiorari* does not challenge the facts found by the Court of Appeals. There are accordingly only two determinative questions before this court, whether a trust relation was created between the corporation and complainants, and where lay the burden of proof as to faithful expenditure of the subscriptions.

We are of opinion that the courts below erred in their conclusion that the proceeds of complainants' subscriptions were not charged with any trust in the hands of the defendant corporation. It is said that a corporation is not a trustee for its stockholders. To what extent this is true, we need not here consider. If it be conceded that there is no trust here by operation of law, nevertheless we think that in the bonds executed by defendant corporation that corporation expressly assumed the obligations of a trustee to faithfully and honestly account for and expend moneys arising out of the sale of stock in Tennessee for the purposes for which the company was organized. If there is a recovery here-

in, equities may arise among complainants, creditors of the corporation and the surety on these bonds, but these equities can be adjusted elsewhere.

 In view of the bonds complainants' subscriptions were made and received upon special terms or upon conditions subsequent. This court is committed to the proposition that a stock subscription may be upon special terms or upon conditions subsequent under certain circumstances. *Morrow* v. *Iron & Steel Co.*, 87 Tenn., 262; *Railroad* v. *Parks*, 86 Tenn., 554. For a breach of such terms or conditions, a subscriber to stock has his action. Such is the general rule.

"In the absence of restrictions in its charter, a corporation, under its general power to contract, has the power to accept subscriptions upon any special terms not prohibited by positive law, or contrary to public policy, provided they are not such as to require the performance of acts which are beyond the powers conferred upon the corporation by its charter and provided they do not constitute a fraud upon other subscribers or stockholders or upon persons who are, or may become, creditors of the corporation." 2 Clark and Marshall on Corporations, page 1449. To the same effect see 14 C. J., 568.

 In order to facilitate the sale of its stock, we see no objection to a corporation assuming the responsibility of the trustee of an express trust to see to it that moneys received from the sale of its stock are faithfully and honestly accounted for or expended in the purposes for which the company was organized. Such duties are required of a corporation by law. Such an undertaking cannot prejudice any other stockholder nor any creditor. So it seems to us that the special terms contained in

these bonds, compliance with which the bonds secured, may be enforced by the subscribers against the corporation and its bondsmen.

As above noted, the bill seeks a recovery of so much of the subscriptions paid in by complainants as have not been accounted for and have not been expended for purposes for which the company was organized. Such relief could only be granted upon an accounting and such a prayer necessarily implies an accounting.

When recovery is sought against a trustee and the trust relation established, the *cestui que trust* is entitled to a complete accounting. *Dillman* v. *Hastings,* 144 U. S., 136, 36 L. Ed., 378.

"In an action against a trustee to compel an accounting of money received, the burden is upon the trustee to make a proper and satisfactory accounting of the funds coming into his hands." 39 Cyc., 476.

See also *Ingram* v. *Lewis,* 37 Fed. (2d), 259.

The defendants below made no real effort to render an account of the moneys received from complainants' subscription for stock. The proof offered by defendants along this line was properly termed by the chancellor a travesty on an account. The Court of Appeals approved this observance.

In our view of the case the complainants are entitled to have a *bona-fide* and full accounting from defendant corporation. The burden of proof is as above indicated. The judgment of the lower courts will accordingly be reversed and the cause remanded to the chancery court of Hamilton County for reference or other proper proceedings to require defendant corporation to account.

The costs of this court will be paid by the defendants.