# LAND v. MAXWELL et al.—244 S. W. (2d) 189.

Middle Section.   March 30, 1951.

Rehearing granted June 5, 1951.

Petition for Certiorari denied by Supreme Court, August 31, 1951.

Certiorari Petition to Rehear denied December 12, 1951.

256

Lewis S. Pope, of Nashville, and Malcolm Hill, of Sparta, for complainant.

George B. Haile, of Cookeville, for defendants.

HOWELL, J. The original bill in this case was filed on May 14, 1935, by Edith Cooper Land, against the defendants A. G. Maxwell, Sr., the Carthage Spoke Company, a corporation and the Tennessee Handle Company, originally a partnership composed of A. G. Maxwell, Sr., Mrs. A. G. Maxwell, Sr., A. G. Maxwell, Jr. and G. A. Maxwell, and alleged among other things that the Carthage Spoke Company was a corporation with capital stock amounting to $180,000.00 issued and outstanding

and that the complainant was the owner of sixty shares of this stock of the par value of $100.00 each and amounting to $6,000.00, and that the remainder of the stock was owned principally by the defendant A. G. Maxwell, Sr. and four others. The bill then alleges that in 1930, the Carthage Spoke Company ceased to do business and that the defendant A. G. Maxwell, Sr. who was its largest stockholder and president, undertook to liquidate its affairs and has made no report or accounting to complainant as a stockholder. The bill then alleges that at the time the defendant A. G. Maxwell, Sr. began the liquidation of the Carthage Spoke Company, the Company had a large amount of valuable assets and, in comparison, small liabilities. It is then alleged that in 1930 the defendant A. G. Maxwell, Sr. organized a partnership under the name of the Tennessee Handle Company, composed of himself, his wife, his son and his brother, and turned over to this partnership a large part of the machinery, equipment and property of the Carthage Spoke Company and that he sold other assets of the Spoke Company and also converted some of its assets to his own use. It is then alleged that the debts of the Carthage Spoke Company have long since been paid and that the defendant A. G. Maxwell, Sr. has made no report to complainant or had any accounting with her as a stockholder, although he has been called upon to do so. It is further alleged that shortly before the filing of this bill the defendant A. G. Maxwell, Sr. told her that nothing had been realized from the liquidation of the Spoke Company and therefore she was entitled to nothing.

The bill was filed by complainant for herself and for any other stockholders of the Spoke Company and prays for an accounting with the defendant A. G. Maxwell, Sr.

and for a judgment for such sums as may be found due her and the other stockholders from such assets as were sold or turned over to the partnership, Tennessee Handle Company.

The defendants filed an answer in which they denied the material allegations of the bill and averred that the Carthage Spoke Company was in 1930 hopelessly insolvent and that complainant was fully informed and participated in the winding up of the Spoke Company.

After the taking of many pages of testimony and in December 1941, the complainant filed an amended and supplemental bill making other allegations of misconduct of the affairs of the Spoke Company by the defendant A. G. Maxwell, Sr. and praying in addition to the other prayers, that the matter be referred to the Clerk and Master for an accounting.

Many motions have been filed along with other pleadings which we will not undertake to set out.

An answer was filed to the amended and supplemental bill in which it was averred that an involuntary petition in bankruptcy had been filed by the Tennessee Handle Company against the Carthage Spoke Co.

Later the Chancellor was advised by the Trustee in Bankruptcy that he had been directed by the Referee in Bankruptcy at Nashville to notify the Court that this suit then pending in the Chancery Court at Cookeville should proceed to judgment under certain conditions.

Many more pages of proof were taken. Many motions made and many exhibits filed. There have been several references to the Clerk and Master and to Special Commissioners.

On March 27, 1947, a decree was entered by the Chancellor which is in part as follows:

"Be it remembered that this cause came on to be heard before the Court at the last December term 1946, at Cookeville, Tennessee, on the entire record in the case and especially upon the exception of the defendants to the report of the Special Master. Argument was heard and the record taken and held under advisement until today.

"Whereupon, after due Consideration of the record, the Court finds that the Carthage Spoke Company, a Tennessee corporation, began the operation and business, about 1919, of manufacturing and selling spokes, heading and staves, and continued in said business until about 1930; that the Complainant is the owner of $6,000.00 of the capital stock of said Carthage Spoke Company represented by sixty shares of the par value of $100.00 each. The entire capital stock of the said company finally amounted to $180,000.00 or 1800 shares of the par value of $100.00 each; that all of the outstanding stock except that of complainant is now owned by A. G. Maxwell, Sr. It further appears that A. G. Maxwell, Sr. purchased stock held by other parties in said corporation except the stock of Roscoe McGinness of $21,000.00, and M. K. Moredock of $3,000.00, making a total of $24,000.00 taken up by the Carthage Spoke Company by sale or transfer of certain property of the Spoke Company, boats and barges, to McGinness; that the outstanding capital stock of the Company is now $156,000.00. It appears that the charter was surrendered in 1938. A. G. Maxwell, Sr., was a director and president of said Carthage Spoke Company.

"In 1925, A. G. Maxwell, Sr., organized the Tennessee Handle Company, a Co-partnership composed of himself, Mrs. A. G. Maxwell, A. G. Maxwell, Jr., and his brother G. A. Maxwell, all made defendants in this case,

except that G. A. Maxwell is dead and the case has not been revived against his estate, and the case is abated as to him and will stand dismissed as to G. A. Maxwell.

"That due mostly to the economic situation of the county the spoke business generally became unprofitable, and the Carthage Spoke Company began to have considerable losses. Whereupon, A. G. Maxwell, Sr., began the liquidation of the affairs of the Carthage Spoke Company. He began to sell and dispose of the property of the Spoke Company, made collections from time to time; some of the property was taken over by the Tennessee Handle Company and used in its business, some purchased by said Handle Company and some now being used, including the Livingston property and some Machinery. It further appears that A. G. Maxwell, Sr., has paid indebtedness of the Carthage Spoke Company from the sales of its property and individually, either by himself or by and through the Tennessee Handle Company; that they have also paid some of the bonds of the Carthage Spoke Company and at the present time all the outstanding liabilities of the Carthage Spoke Company have been satisfied. The Company also still owns some Algood property. It further appears that at the time the bill was filed no accounting has been made to the Complainant of the winding up of the affairs of the Spoke Company.

"It further appears that the complainant was an employee of the Tennessee Handle Company from 1931 to 1934, and that she kept the books and records at the direction of A. G. Maxwell, Sr., and as an employee of the Tennessee Handle Company, and had actual notice of the matters which were entered of record on her books as reported from time to time by A. G. Maxwell, Sr.

"From all of which the Court is of the opinion and it is accordingly ordered and decreed that the complainant as a stockholder in the Carthage Spoke Company is entitled to an accounting of the affairs and of the liquidation of the Carthage Spoke Company by A. G. Maxwell, Sr., and she is entitled to the recovery of her pro rata part of the net assets, if any, which would be a one twenty sixth, of the said Carthage Spoke Company, the exact amount of which cannot be ascertained until a proper accounting is had and the bill is accordingly sustained.

"The Court is further of the opinion, and it is ordered and decreed that the defense set up in the answer of estoppel and the statute of limitations are not good. However, the Court is of the opinion, and it is ordered and decreed that the recovery herein under the record should not be based on the combined assets of the Carthage Spoke Company and the Tennessee Handle Company as insisted in the amended and supplemental bill, it being the opinion of the Court that the Tennessee Handle Company is only liable to the Complainant under the facts and in a proper accounting for the reasonable value of any property or assets it took over of the Carthage Spoke Company, or for the reasonable rental value of any property being used by it, or for the reasonable value of any property converted by the said Tennessee Handle Company provided it has not been accounted for by them or by A. G. Maxwell, Sr., in his winding up of the affairs of the Spoke Company. The Court is further of the opinion, and it is ordered and decreed, that A. G. Maxwell, Sr., would be primarily liable. It is therefore ordered and decreed that complainant has no interest in the Tennessee Handle Company.

262

"It is further ordered and decreed that Complainant is indebted to A. G. Maxwell, Sr., in the amount of $200.00 for a rent account, and any recovery in her favor herein should be credited with said amount.

"It is further ordered and decreed that the first five of defendants' exceptions as a whole to the report of the Special Master be and the same hereby are sustained, and for satisfactory reasons appearing to the Court the report of the Special Master is not confirmed, and the references heretofore made in the case are set aside, and a reference is hereby ordered to the Clerk and Master to make and report, on the record as now made up, an accounting of the affairs of the Carthage Spoke Company and of A. G. Maxwell, Sr., as Trustee in liquidation to the end that it may be definitely determined the amount of the net assets, if any, of the Carthage Spoke Company so that any amount due complainant may be definitely determined.

"The Master will report item by item, and charge A. G. Maxwell, Sr., with any amount due from himself or Tennessee Handle Company for property sold to them or either of them, or disposed of by them, stating the value thereof at the time; also charging them with all reasonable rents for property used by them or either of them belonging to the Carthage Spoke Company, Machinery or real estate, stating the periods used, and all amounts A. G. Maxwell, Sr., received or should have received by due diligence in liquidation the affairs of the Carthage Spoke Company.

"The master will also report item by item all debts or obligations of the Carthage Spoke Company which have been paid by A. G. Maxwell, Sr., or the Tennessee Handle Company for him, and all credits due him, including any taxes paid, and the amount of any bonds of the Carthage

Spoke Company which have been paid by either of them. The report on the reference will be made to the next term of the Court, until which time all further matters not herein adjudicated are reserved.''

Exceptions were filed to this decree.

Later on June 10, 1947 the following decree was entered:

''This cause came on to be heard upon the entire record in the cause, but more especially upon the exceptions of the complainant filed to the decree of the Court made on March 26, 1947.

''After argument of Counsel and due consideration of the Court, the Court is pleased to overrule and disallow said exceptions to which complainant excepted.

''It is therefore ordered, adjudged and decreed that the matter be referred to the Master to make and state a report strictly in accordance with the decree of March 26, 1947, upon the record as now constituted, both complainant and defendant, through their counsel, stated in open court that neither side desired to take any further proof.

''It further appearing to the Court that the Clerk and Master, W. R. Carlen, had declared himself incompetent, the Court does hereby appoint and designate the Honorable Bethel Foster, Clerk and Master of the Chancery Court of DeKalb County, Tennessee, as Special Master to make and report in accordance with the decree of March 26, 1947, and report the same to this court at as early date as practicable.''

Finally on October 20, 1947, the Special Master filed a report which is in part as follows:

''As the Court is aware the record in this cause is a very voluminous one, and it has consumed considerable

time of the undersigned in its survey, but I have perused the record in its entirety.

"Beyond ambiguity the Court well knows that to make an accounting of a concern that has been operating for several years, as this Carthage Spoke Company did, requires considerable time and sufficient records of the Company's various transactions from time to time.

"In this record there are no cancelled checks, no vouchers, no receipts, no minute entries, etc., and the journals filed into the record bear entry dates of April 1925 through October, 1928. The record in this cause discloses that this Carthage Spoke Company began its operation in the year 1919, in July, according to the Ledger filed as an exhibit in the cause, True, the ledger goes back to this date, but by scrutiny of its pages the Court will ascertain that the checks issued by this Company are charged in blocks, probably several in one charge, and to whom they were made payable this record does not reveal.

"(See Bank account on Ledger of Smith County Bank, First National Bank etc.,). These checks may, or may not, be legitimate charges, and they not being before me for inspection it does not fall within the scope of my province to deny their regularity; howbeit, to make an accurate audit of this Company's transactions over this extended period of years, would, in my humble opinion, require more data than this record reveals.

"The proof introduced in the cause is both pro and con, some charges admitted and some denied, and without sufficient records before me to assist in assimilating these charges and denials a report by myself would be hypothesis instead of an audit, hence I am constrained to respectfully report to Your Honor that the record in the above styled cause is insufficient to justify my comply-

ing with the mandate of the Court to Make an accounting of this Company's affairs for the reasons hereinabove delineated.''

The complainant later made a motion for a summary judgment against the defendant for $6,000.00 and interest, in which she took the position that the defendant had failed and refused to make any accounting of the assets of the Spoke Company as ordered by the Court and had offered no sufficient proof as to what became of these assets. The defendant then moved that the suit be dismissed in the Chancery Court and allowed to proceed to final determination in the Bankruptcy Court. The complainant then moved for a re-reference to the Special Master and that a reasonable time be fixed for additional proof. We do not undertake to refer to all the motions which were filed in this case.

In a decree entered August 24, 1948, it appears that the case came on to be heard before the Chancellor, upon the entire record and especially upon the report of the Special Master and the motions and replications thereto and upon argument of counsel and the Chancellor denied complainant's motion for a summary judgment and held that the record was insufficient for the making of an accurate accounting and that as the parties did not desire to take any further proof the case would not at that time be re-referred. This decree is in part as follows:

''The accounts filed June 4, 1945, by defendants A. G. Maxwell and Tennessee Handle Company as exhibits to their respective answers show prima facie at least, that certain sums are due the defendants, and it appears that it would be incumbent on Complainant to establish a record which would enable the Clerk and Master to

determine the incorrectness of the defendants' account and to make a correct accounting.

"The Special Clerk and Master's report filed October 20, 1947, shows that the record is insufficient to make an accurate report under the record, as ordered March 26, 1947. There being no exceptions to said report same is hereby confirmed.

"It further appearing from the record that the parties do not desire to take further proof, the case will not, at least for the present be re-referred."

Later another motion was made to re-refer the case which was overruled by the Court. The defendants made a motion to dismiss the bill. The Chancellor then entered a decree in part as follows:

"After argument was heard the record was taken under advisement upon said motions and has been held under advisement until today for a full consideration of the questions raised by the motions.

"Construing the Complainant's motion in the light of the statements made by counsel when argument was heard, the Court understands that complainant does not desire to take any further proof in the case and have the matter re-referred to the Special Master on the reference heretofore ordered by the Court, and upon the correctness of this assumption the Court overrules complainant's motion. It appearing further to the Court that the Special Master has heretofore made a report in which he stated, in effect, that he was unable to make the accounting heretofore ordered upon the record as now made up, and in view of the Special Master's report it appears to the Court that to re-refer the matter without further proof would not be proper.

"The Court is further of the opinion that the order of reference and for an accounting heretofore made was

and is the proper order or decree to make in the case, and whether an accounting can be made upon the record as made up is within the province of the Special Master, and that it is not the duty and is improper for the Court to undertake to make the accounting and in so far as complainant's motion may be construed to ask for a modification of the former orders made in the case the same is also overruled and disallowed.

"It is therefore ordered and decreed that the defendant's motion to allow it to proceed to a final determination in the Bankrupty Court should be and is hereby granted.

"It is further ordered and decreed that the original bill as amended be and is hereby dismissed except as to the matters already determined by the former decrees herein and the rights and interests adjudged therein, and as to all said matters the bill has heretofore been and is now sustained, and it appearing to the Court that unless the parties desire to take further proof on the aforesaid reference ordered there are no further orders for this Court to make herein, and accordingly the Clerk and Master is directed after the expiration of 20 days from the entry of this decree to cause to be delivered a copy of this decree to cause to be delivered a copy of this decree to Hon. Hill McAlister, Referee in Bankruptcy, Nashville, Tennessee."

From this decree of the Chancellor the complainant has appealed to this Court and has assigned a number of errors.

It thus appears that the Court had decreed on March 27, 1947, that complainant, as a stockholder in the Carthage Spoke Company, was entitled to an accounting of the affairs of the company by defendant A. G. Maxwell, Sr., and was entitled to her pro rata share of the net assets.

In August 1948 the Court had decreed that "it would be incumbent on complainant to establish a record which would enable the Clerk and Master to determine the incorrectness of the defendant's account and to make a correct accounting".

In this we are of the opinion that the Chancellor was in error. The burden of proving that he had properly accounted for the assets of the corporation in which complainant was a stockholder was upon the defendant A. G. Maxwell, Sr., as he had taken over all the assets of the Spoke Company and undertaken its liquidation and had made no accounting with any one.

In the case of Provident Life & Accident Ins. Co. v. Globe Ind. Co., 156 Tenn. 571, 3 S. W. (2d) 1057, 1058, the Supreme Court said: "The court feels that the time has come to definitely settle the practice in this regard, and to require that, in cases involving a complicated and extended accounting, the matters involved should be referred to the master for a report, after the basis for the accounting has been determined and fixed by the chancellor. Any other practice imposes upon the appellate courts labor that is unnecessary and which consumes its time in working out matters of detail, when such work could be much more easily done in the court below by aid of a reference. By this method the questions involved are submitted to a master for a report, which report, when filed, is subject to exceptions by the respective parties. The matter is then heard before the chancellor upon these exceptions, and in this way many items will be eliminated, and the questions for determination greatly simplified, and the appellate courts will be saved much time and labor which they would otherwise have to expend."

A. G. Maxwell, Sr., in the matters involved here was acting in the nature of a Trustee to wind up the affairs of the Spoke Company and the burden was upon him to make a proper and satisfactory accounting of the assets that he had taken over.

In the case of Knox County v. Fourth and First Nat. Bank, 181 Tenn. 569, 182 S. W. (2d) 980, 986, the Supreme Court said: "When a trust is established the burden is on the trustee to make full disclosures of all transactions attacked and to show that he performed his duties with reasonable skill. Khowlton v. Fourth-Atlantic Nat..Bank, 271 Mass. 343, 171 N. E. 721; Franklin v. Mortgage Guarantee, etc., Co. [9 Cir.], 57 F. (2d) 834. To the same effect is Talbot v. Auto, etc., Underwriters, 163 Tenn. 256, 43 S. W. (2d) 220."

In the case of Talbot v. Auto, Identification Underwriters, 163 Tenn. 256, 43 S. W. (2d) 220, 221, the Supreme Court said:

"When recovery is sought against a trustee and the trust relation established, the cestui que trust is entitled to a complete accounting. Dillman v. Hastings, 144 U. S. 136, 12 S. Ct. 662, 36 L. Ed. 378.

" 'In an action against a trustee to compel an accounting of money received, the burden is upon the trustee to make a proper and satisfactory accounting of the funds coming into his hands.' 39 Cyc. 476. See also, Ingram v. Lewis, 10 Cir., 37 F. (2d) 259.

"The defendants below made no real effort to render an account of the moneys received from complainants' subscription for stock. The proof offered by defendants along this line was properly termed by the chancellor a travesty on an account. The Court of Appeals approved this observance.

"In our view of the case, the complainants are entitled to have a bona fide and full accounting from defendant corporation. The burden of proof is as above indicated. The judgment of the lower courts will accordingly be reversed and the cause remanded to the chancery court of Hamilton county for reference or other proper proceedings to require defendant corporation to account."

■ The fact that the complainant was not able to produce sufficient evidence as to the amount to which she was entitled will not prevent her recovery, as the facts and evidence in this case were in the possession of the defendant. The complainant will not be denied a recovery where she had produced the best evidence available to her and sufficient evidence to afford a reasonable basis for estimating her loss. See American Jurisprudence Vol. 15, Sec. 23. See also the case of Tallent v. Fox, 24 Tenn. App. 96, 141 S. W. (2d) 485.

There are a number of assignments of error which we do not deem it necessary to discuss as the case will have to be remanded for a re-reference and on such re-reference the defendant will have the burden of proving the value or lack of value of complainant's $6,000.00 of stock in the Spoke Company at the time its assets were taken over by the defendant. In the absence of proof, submitted within a reasonable time to be fixed by the Chancellor, the Court should award the complainant a recovery of the value of her stock based upon the best evidence in the record, with interest from the filing of the bill.

■ The fact that a petition in Bankruptcy has been filed against the Carthage Spoke Company in the United States District Court does not preclude the complainant

from proceeding with her cause of action against the defendant A. G. Maxwell, Sr., in the Chancery Court.

The assignments of error are sustained and the decrees of the Chancellor modified or reversed to the extent as indicated herein and the case remanded to the Chancery Court of Putnam County for proceedings consistent with this opinion.

We are presented with a motion to strike the record as incomplete which is denied.

The defendant A. G. Maxwell, Sr., will pay the costs of the appeal.

Modified and remanded.

Hickerson, J., and Kizer, Special Judge, concur.

PETITION TO REHEAR.

In this case we are presented with a petition to rehear and to modify our opinion in the case filed on March 30, 1951, in which the case was remanded to the Chancery Court of Putnam County for further proceedings and the petition prays that complainant be given a judgment here against the defendant A. G. Maxwell, Sr. for the value of her stock in the Carthage Spoke Company at the time the affairs of this company were taken over by the defendant which is alleged to be $6,000.00, less $200.00 admitted to be owed by her to the defendant. We do not have the benefit of a reply to this petition by the defendant.

After a careful consideration of the petition and a reconsideration of the record we are of the opinion that the petition should be granted and that the record justifies the conclusion that petitioner's stock in the Carthage Spoke Company was worth par, or $100.00 per

share, at the time the company was taken over by the defendant and we so find.

The opinion filed March 30, 1951, is so modified as to strike out the clauses remanding the case to the Chancery Court of Putnam County and in lieu thereof provide that a judgment be entered here in favor of the complainant, Edith Cooper Land, and against the defendant A. G. Maxwell, Sr. for $5800.00 and interest from the filing of the bill, May 14, 1935, and the costs of the case.

Petition granted.

Hickerson, J., and Kizer, Special Judge, concur.