MILTON A. PITT v. BERT H. BACHERIG et ux.—
307 S. W. (2d) 798.

Middle Section, at Nashville. July 26, 1957.

Petition for Certiorari Denied by Supreme Court December 6, 1957.

274

R. C. Boyce, Jr., Nashville, for complainant-appellant.

Harry G. Nichol and Carl R. Hardin, Nashville, for defendants-appellees.

FELTS, J. The bill herein was filed to recover $5,000, alleged to be due complainant for extra work done by him in erecting a building under a contract between him and defendants; and to enjoin an action at law brought against him by defendant Bert H. Bacherig for replevin of a Ford truck.

The bill averred that the extra work, consisting mainly of rock excavation, was made necessary by defendants' change of the specifications of the original contract, and that complainant had done such work and was entitled to the sum sued for. It was further alleged that defendant Bacherig had loaned complainant $600, which was to be repaid out of the proceeds of the contract but which was secured by a chattel mortgage on complainant's truck.

It appears that an injunction, as prayed, was issued and served on defendants, but complainant was not

required to confess judgment in the action at law, though he was required to give, and did give, an injunction bond in the sum of $1,200.

Defendants filed an answer and cross bill denying that complainant had done any extra work, and averred that he had failed to complete the building but had abandoned the work, and that in order to finish the building and pay off unpaid bills of complainant which were liens on the property, defendants had to pay more than $3,000 above the original contract price, for which they sought recovery against him.

After a large amount of proof was taken, the Chancellor heard the cause and held that complainant was entitled to recover for rock excavation and certain other work as extras; but that, since he had failed to complete the building according to the contract, he was liable to defendants and cross-complainants for such sums as they were required to spend, in excess of the contract price, to have the building completed and cleared of liens; and the Chancellor ordered a reference to take and state an accounting between the parties.

Thereafter further proof was taken and the Master filed an itemized report stating an account between the parties. Complainant filed numerous exceptions to the report, the Master overruled many of them, sustained others and modified his report accordingly. On appeal, the Chancellor confirmed and fully concurred in the Master's report which showed that on the accounting complainant Pitt was indebted to cross-complainant Bacherig in the sum of $4,208.18; and the Chancellor accordingly entered a decree for cross-complainant against complainant for $4,208.18 and the costs.

Complainant appealed to this Court and has filed here assignments of error and brief, such assignments being three in number as follows:

(1) "The Honorable Trial Court erred in allowing the complainant only $937.50 for the cost of excavating the rock instead of allowing $6,072.00, the actual cost of such excavation."

(2) "The Honorable Trial Court erred in charging the complainant with Items 1 through 43 (Tr. pp. 328-330) in that all of these items were in addition to the contract and were added to the premises by the defendant after complainant had been forced off the job."

(3) "The Honorable Trial Court erred in disallowing Items 5, 10, 11, 14, 16 and 17 (Tr. pp. 332-333), these items having been furnished by Milton Pitt, complainant, prior to his being forced off of the job and being items which were not included in and contemplated by the contract."

Thus it is seen that each of these assignments asks this Court to open the accounting and review this voluminous record to determine the question of the correctness of the findings upon each of the items in the account which are questioned by the assignments of error. That is, each assignment relates to items in the accounting which were founded by the Master in his report and concurred in by the Chancellor, and which items are, therefore, foreclosed by this concurrent finding of the Master and the Chancellor.

The statute (T. C. A. sec. 27-113) provides: "that where there has been a concurrent finding of the master and chancellor, which under the principles now obtaining

is binding on the appellate courts, the Court of Appeals shall not have the right to disturb such finding''.

■ Under repeated decisions of this Court and of our Supreme Court, it is held that an Appellate Court has no power to disturb a concurrent finding of fact made by the Master and Chancellor in a matter of accounting, if there is any material evidence to support such finding. Provident L. & A. Ins. Co. v. Globe Ind. Co., 156 Tenn. 571, 3 S. W. (2d) 1057; Dale v. Hartman, 157 Tenn. 60, 6 S. W. (2d) 319; Black v. Love & Amos Coal Co., 30 Tenn. App. 377, 381, 206 S. W. (2d) 432; Evans v. Boggs, 35 Tenn. App. 345, 366, 245 S. W. (2d) 641, 647; Kelso v. Kelso, 40 Tenn. App. 681, 292 S. W. (2d) 483, 485.

■ We find that there is material and ample evidence to support the concurrent findings of the Master and Chancellor as to each of the items complained of by the above assignments of error; and we, therefore, have no power to disturb any of such findings.

All of the assignments of error are overruled, the decree of the Chancellor is affirmed and a decree will be entered here for cross - complainant Bert Bacherig against cross-defendant, Milton A. Pitt, for the amount of the decree below with interest and the costs of the appeal. The cause will be remanded to the Chancery Court in order that the cross-complainant Bacherig may, if he so desires, pursue his rights against cross-defendant Milton A. Pitt under the delivery bond and injunction bond given by said Pitt, and for further proceedings not inconsistent with this opinion.

Hickerson, J., concurs.

Shriver, J., not participating.