IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2002, Session

**HEATHER CAREY, Appellee**
**v.**
**MARGARET R. JOHNSON, Appellant**

Appeal from the Circuit Court of Marion County
No.14091, Thomas W. Graham, Judge

_____

No. M2002-00911-COA-R3-CV - Filed June 23, 2003

_____

An employee of a utility company went to the private residence of a customer to re-connect service which had been disconnected for non-payment where she was violently attacked by the customer who hit her in the jaw with a flashlight, beat her with car keys and threatened to kill her by throwing her off of the mountain and, thereafter, show her dead carcass to her children. The utility employee sued the customer for personal injuries, infliction of emotional distress and punitive damages. The trial court granted judgment by default as to liability against the defendant for the defendant's repeated failure to attend her discovery deposition. The trial on damages was conducted without a jury. The trial court awarded compensatory damages and punitive damages. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

FRANK G. CLEMENT, JR., Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Atty. Jeffery A. Billings and Atty. Kevin L. Featherson, of Chattanooga, TN, for the appellant.

Atty. Erskine P. Mabee, of Chattanooga, TN, for the appellee.

**Opinion**

On October 29, 1999, Heather Carey, an employee of the electric service for the community, was instructed by her employer to go to the residence of Margaret R. Johnson located on Elder Mountain to terminate service for non-payment. Carey promptly terminated Johnson's service only to be instructed later in the day to return to the Johnson residence to reconnect service. While she

-1-

was in the process of reconnecting service, Carey was violently attacked by Johnson, who grabbed Carey's hair, jerking Carey's head back and forth. Johnson also hit Carey in the jaw with a flashlight and additionally hit her with keys Johnson had removed from Carey's vehicle. During the fight, Johnson threatened to kill Carey, throw her off Elder Mountain and show the dead carcass to Carey's children. Carey was able to leave the scene, called the police and filed assault charges.

Carey's alleged damages include loss of earning capacity, headaches, depression, anxiety and mental anguish, including the fear of being attacked by other customers. The only testimony introduced at trial was provided by the plaintiff. The defendant did not testify nor did any other witnesses testify on behalf of the defense. Moreover, the defendant refused to respond to discovery. The defendant was noticed to give a deposition and failed to appear. Thereafter, the court ordered her to appear yet Johnson again failed to appear at her deposition. Consequently, the trial court granted judgment by default against Johnson and set a hearing on damages.[1]

Carey presented evidence that she earned $10.25 per hour and that she missed fifteen days of work. Counsel for the defendant identified some inconsistencies in her testimony, nevertheless, Carey was able to substantiate that the lost work was due in part to her injuries and in part due to court appearances required of her in the related criminal case. The trial court found those inconsistencies to be inconsequential and that they did not impugn the integrity nor undermine the credibility. Furthermore, Carey established that her employer did not compensate her for the days she did not work.

Following a bench trial, the trial court awarded Carey $860 as compensatory damages for loss of her earning capacity plus $4,000 as compensatory damages for personal injuries, including pain and suffering.

Carey also sought punitive damages for the intentional act and outrageous conduct of Johnson. Though Johnson did not offer any evidence to rebut the evidence offered by Carey, counsel for the defense endeavored to characterize the incident as a "minor altercation" and nothing more than a "cat fight." Counsel's characterizations were unsubstantiated for they were denied by Ms. Carey and no one testified to corroborate the characterizations of the incident. Moreover, the trial court noted that Johnson was found guilty in the related criminal case with a sentence imposed for assault under T. C. A. § 39-13-101 thereby establishing the incident to be more than minor.

The trial court found "by clear and convincing proof that the conduct was outrageous" and that punitive damages should be awarded. Specifically the trial judge stated, "So the court is outraged with the description of the events made by the plaintiff as I think any neutral observer would be. No one should be subjected to being drug around, spit on, slapped at, and all of that sort of thing and threatened as has been the case described here. So punitive damages ought to be substantial in this case."

_____

[1]In this appeal the defendant/appellant does not contest the default judgment as to liability, only the amount of damages.

The only evidence presented concerning the defendant's financial worth was limited to the value of the residence where the attack occurred. The evidence presented established that Ms. Johnson lived on Elder Mountain, an upscale residential community, where the value of homes range from a low of $300,000 up to as much as $500,000. Moreover, it is a secluded, gated community with a security guard positioned at the entrance of the exclusive residential neighborhood. Johnson did not offer any evidence to contradict that presented by Carey. Johnson merely offered the legal rebuttal, noting correctly that it was not her duty to prove the plaintiff's damages. *See Cunningham v. Patterson*, 2001 Tenn. App. Lexis 959 #11 (W.S. 2001); *Overstreet vs. Shoneys, Inc.*, 4 S.W.3d 694, 703 (Tenn. App. 1999).

The trial court noted that there was a modest amount of evidence concerning the defendant's financial standing yet the evidence presented showed that the defendant had assets of at least $300,000, possibly $500,000 without considering other assets. The defense did not offer any evidence to rebut that proof or the inferences to be drawn from that proof. Accordingly, the trial court assessed punitive damages in the amount of $15,000 for outrageous and intentional conduct.

The standard of review in this matter is a *de novo* review of the findings of the trial court with a presumption of correctness of the findings of fact of the trial court unless a review of the evidence leads us to a different conclusion. Our review of questions of law are reviewed *de novo* with no presumption of correctness.

Though the evidence afforded the trial court was modest, our courts have repeatedly held that in tort cases, the proof of damages need not be exact or mathematically precise. *See Provident Life & Accident Ins. Co. v. Globe Indem. Co.,* 3 S.W.2d 1057, 1058 (Tenn. 1928). Additionally, the amount of damages is not controlled by fixed rules of law, *see Blalock v. Temple*, 276 S.W.493, 497 (Tenn. 1954), or mathematical formulas. *See Brown v. Null*, 863 S.W.2d 425, 429 (Tenn.Ct.App. 1993). It appears to us that the amount of evidence presented meets the criteria established for the compensatory damages awarded by the trial court including those for pain and suffering. Indeed, an award of $4,860 appears reasonable.

As for punitive damages, the appellant argues that the trial court's award is unwarranted, excessive and inconsistent with the holding in *BMW of North America, Inc. vs. Ira Gore, Jr.,* 517 U.S. 559,116 S.Ct. 1589; 134 L.Ed.2d 809 (1996). The record reflects that the trial court correctly identified the legal principles pertaining to punitive damages including without limitation the standard required in *Hodges vs. S.C. Toof & Co.,* 833 S.W.2d 896 (Tenn. 1992) prior to announcing the award for punitive damages. The evidence clearly established that the conduct of the defendant was intentional and outrageous. Moreover, the award of $15,000 is but three (3%) percent of the upper range of the value of the defendant's residence (which does not include other assets she may possess) and the award is but three (3) times the award for compensatory damages. Accordingly, we respectfully disagree with the appellant's argument that the trial court's award is inconsistent with the holding in *BMW of North America, Inc. vs. Ira Gore, Jr.,* 517 U.S. 559,116 S.Ct. 1589; 134 L.Ed.2d 809 (1996) and find the award of $15,000 for punitive damages to be within the appropriate

range.

The appellee raises the issue of whether the appellant should be liable for additional damages, alleging that this appeal was frivolous. A "frivolous appeal" is one that is devoid of merit, or one in which there is little prospect that appeal can ever succeed. *Industrial Development Board of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn.Ct.App.1995); see also *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn.Ct.App.1999). Tenn. Code Ann. § 27-1-122 empowers the appellate courts to award additional damages if the appeal was frivolous or taken solely for delay. Nevertheless, this Court has recognized that Tenn. Code Ann. § 27-1-122 must be interpreted and applied strictly so as not to discourage legitimate appeals. *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn.Ct.App.2001), citing *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn.1977). Though we found in favor of the appellee in all respects, we believe the issues concerning the amount of compensatory and punitive damages were worthy of our review. We therefore find that the appeal was not frivolous and deny the appellee's request for additional damages.

Accordingly, we affirm the judgment of the trial court in all respects. This matter is remanded to the Circuit Court of Marion County for further proceedings consistent with this opinion. Tax the cost on appeal against the appellant, Margaret R. Johnson.

_____
Frank G. Clement, Jr., Special Judge

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2002 Session

**HEATHER CAREY, Appellee**
**V.**
**MARGARET R. JOHNSON, Appellant**

Appeal from the Circuit Court of Marion County
No. 14091, Thomas W. Graham, Judge
_____

No. M2002-00911-COA-R3-CV
_____

       This cause came on to be heard upon the record on appeal from the Circuit Court for Marion County, briefs, and oral argument; upon consideration whereof, this Court is of the opinion that the order of the Circuit Court should be affirmed  and remanded.

       In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the judgment of the trial court is affirmed.  This cause is remanded to the Circuit Court for Marion County for any further proceedings which may be necessary, consistent with this judgment and the opinion of this Court.

       Costs of this appeal are taxed against Appellant, Margaret Johnson, for which execution may issue if necessary.